UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

---

DWAYNE SINGLETON,

                          Plaintiff,

- versus -

Correction Officer Ms. DAVIS #17146, Correction Officer Ms. ELLIS, Correction Officer ABRUZZO #17983, Correction Officer Ms. PHILLIPS, Correction Officer Ms. HART #13610, Correction Officer Ms. RIVERA, Correction Officer Ms. NOEL, Correction Officer LUPE, Correction Officer Ms. AUSTIN, Correction Officer PARKER, Correction Captain Ms. VAS, MARIE GEORGES, MD, GRVC Warden, OBCC Warden, and Warden, Manhattan Detention Center,

                          Defendants.

ORDER
11-CV-5709

---

JOHN GLEESON, United States District Judge:

        On November 17, 2011, plaintiff Dwayne Singleton, currently incarcerated at the George R. Vierno Center ("GRVC") on Rikers Island, commenced this *pro se* action pursuant to 42 U.S.C. § 1983. By order dated December 6, 2011, I dismissed without prejudice all of Singleton's claims except for those against the New York Supreme Court, which I dismissed with prejudice, and I granted Singleton 30 days to file an amended complaint. On December 30, 2011, Singleton filed an amended complaint (the "Complaint")[1] and requested leave to proceed *in forma pauperis* ("IFP").[2] I hereby grant Singleton's IFP application and dismiss the

---

[1] Prior to filing the instant Complaint, Singleton filed two other amended complaints, on December 13, 2011 and December 15, 2011. The instant Complaint supersedes the prior amended complaints.

[2] By letters dated February 8, 2012 and February 24, 2012, Singleton requests leave to file a newly amended complaint so that he may (1) provide the actual name of defendant "John Doe"; (2) provide the accurate badge number for C.O. Ms. Hart; (3) correct the spelling of defendant Noel's name; and (4) assert claims for stealing his mail against a new defendant, Correction Officer Ms. Williams. With respect to the factual amendments Singleton seeks to make, it is unnecessary for him to file another amended complaint; the Complaint will be deemed

Complaint in part, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) .

## BACKGROUND

In my December 6, 2011 Order dismissing Singleton's initial complaint, I found that his claims against the New York Supreme Court were barred by the Eleventh Amendment and I dismissed those claims with prejudice. I also dismissed without prejudice all of Singleton's remaining claims because I determined that Singleton's factual allegations were insufficient to state a plausible claim for relief.

With some exceptions, the factual allegations in the Complaint are substantially similar to those raised in Singleton's initial complaint. According to the Complaint, in October 2009, Singleton was transferred from an upstate facility to the Otis Bantum Correction Center ("OBCC") on Riker's Island, where he was placed in solitary confinement without a hearing. Compl. at 6-7. At some point thereafter, Singleton was transferred to the GRVC, where he continued to be held in solitary confinement – also without a hearing – until May 2010. Compl. at 10. Although he was later transferred to the Manhattan Detention Complex ("MDC"), Singleton was returned to solitary confinement at the OBCC on September 6, 2011, from which he was transferred to solitary confinement at the GRVC on September 28, 2011– again without a hearing. Compl. at 9, 15.

Singleton received poor treatment while he was at the OBCC and the GRVC. He alleges that while he was at the OBCC, Officers Abruzzo and Ellis said threatening things to him regarding his food, Compl. at 14-15, and that Officer Phillips did not deliver his mail, Compl. at 14. He claims that while he was at the GRVC, Officer Hart stole his mail, Compl. at 16-20;

---

to reflect these factual amendments. Furthermore, because I have herein dismissed Singleton's claims arising from the alleged theft of his mail, and because Singleton suggests that Williams engaged in the same behavior as did the defendants involved in the claims I dismissed, I see no reason to permit Singleton to file another amended complaint naming Williams as a defendant. Singleton's request is therefore denied.

Officers Davis, Rivera, and Lupe cut off his telephone access, Compl. at 21-22; Officers Noel and Lupe denied him food multiple times, Compl. at 12; and Officers Austin and Davis threatened him and made crude comments to him, Compl. at 21. Furthermore, Singleton alleges that Doctor Georges of the GRVC denied him proper medical care when he presented with a swollen testicle and a dislocated shoulder. Compl. at 22.

Singleton also complains of the conditions in which he was held at the GRVC, the OBCC, and the MDC. He alleges inadequate heating, insufficient lighting, and unsanitary showers in the GRVC and the OBCC, Compl. at 10-12, and he claims that there was no running water or working toilets for a week in the MDC, Compl. at 13.

Finally, Singleton alleges that, at some point during 2010, Officer Parker watched and did nothing while another inmate physically attacked Singleton, who was shackled at the time. Compl. at 8-9.

## DISCUSSION

A.   *Standard of Review*

In reviewing the amended complaint, I am mindful that Singleton is proceeding *pro se* and that his pleadings should be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks omitted); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Nevertheless, I must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A. *See generally Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, I am required to dismiss *sua*

3

*sponte* an IFP action if I determine it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

B.   *Analysis*

Many of Singleton's claims – and the factual allegations underlying them – were raised in almost identical form in his initial complaint. Indeed, with respect to his claims that he was impermissibly denied mail, food, and telephone access, Singleton provides no additional supportive factual information in this iteration of his complaint. Thus for the same reasons I found those claims deficient in the initial complaint, I determine that the same claims raised the Complaint before me now are not plausible on their face and must be dismissed. *See* Fed. R. Civ. Proc. 8; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

I also dismiss Singleton's claims resting upon the alleged verbal abuse, conditions of confinement, and denial of medical care. In order to state a claim that a prison official subjected him to cruel and unusual punishment under the Eighth Amendment, the punishment that Singleton alleges "must be, objectively, sufficiently serious," *Boddie v. Schnieder*, 105 F.3d 857, 861 (2d Cir. 1997) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)) (internal quotation marks omitted), and the official sued for that punishment must have had a "sufficiently culpable state of mind," *id.* Setting aside Singleton's fantastical allegations that I need not accept as true,[3] I find that Singleton has not plausibly alleged sufficiently serious punishment imposed with a sufficiently culpable state of mind for any of these claims, and I therefore dismiss them.

---

[3] Singleton alleges that the showers in the OBCC and GRVC spewed semen and urine. Compl. at 11. I find this allegation incredible and do not consider it. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that held that a court may dismiss an IFP claim as factually frivolous when "the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

4

In contrast, Singleton's allegation that Parker failed to protect him from assault may state an Eighth Amendment claim and shall proceed. In addition, I let proceed Singleton's claims that the OBCC Warden, the MDC Warden, and Captain Vas of the MDC violated his due process rights by causing him to be held in solitary confinement without a hearing.

## CONCLUSION

For the reasons set forth above, the bulk of Singleton's claims are dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). The only claims that survive are (1) Singleton's Eighth Amendment claim against Parker for his failure to protect him from assault and (2) Singleton's due process claims against the OBCC Warden, the MDC Warden, and Captain Vas for causing him to be held in solitary confinement without a hearing.

I respectfully direct the Clerk of Court to issue a summons against these defendants and the United States Marshals Service to serve the summons, the Complaint, and this Order upon the remaining defendants. I also respectfully request that the Clerk of Court mail the same to the Corporation Counsel of the City of New York, Special Federal Litigation Division.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: March 7, 2012
      Brooklyn, New York